IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY GENE MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-588-TCK-SAJ |
| ) | |
| BOB LITTLE; LADONNA WASHINGTON; ) | |
| S. L. ST. CLAIR; JOEL DOEPKER; ) | |
| VICTOR RELAGADO; JEFF FELTON; ) | |
| MARGARET LOVEALL; ) | |
| TULSA POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

On October 24, 2006, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is in custody at the Tulsa County Jail, 300 N. Denver, Tulsa, OK, and appears *pro se*. As discussed below, the Court finds Plaintiff's motion for leave to proceed *in forma pauperis* shall be granted. Plaintiff shall be required to make monthly payments until the full $350 filing fee is paid. The Court further finds that pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### A.     Motion to proceed *in forma pauperis*

After reviewing Plaintiff's motion, the Court finds that Plaintiff is currently without funds sufficient to prepay the $350 filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate jail official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's pro se complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted. Therefore, the complaint shall be dismissed without prejudice.

**1. Complaint shall be dismissed based on Heck v. Humphrey, 512 U.S. 477 (1994)**

In his complaint, Plaintiff alleges that he is presently in custody at the David L. Moss Criminal Justice Center on false charges as a result of an illegal arrest. Plaintiff names eight (8) defendants, including the Tulsa Police Department; Bob Little, S.L. St. Clair, Victor Relagado, Jeff Felton, and Margaret Loveall, all identified by Plaintiff as Tulsa Police Department Detectives; Ladonna Washington, a store clerk at J&J Bargain Depot; and Joel Doepker, a television newsman. He asserts six (6) claims as follows:

Count 1: The arrest warrant was illegally obtained in violation of the 4th Amendment of the United States Constitution; and, Plaintiff is illegally arrested and in

|  |  |
|---|---|
|  | custody in violation of his rights a guaranteed by the 4th, 5th and 14th Amendments of the United States Constitution. |
| Count 2: | Unlawful search and seizure in violation of 4th and 14th Amendments of the United States Constitution. |
| Count 3: | Unlawfully impounded, searched and seized automobile in violation of the 4th and 14th Amendments of the United States Constitution. |
| Count 4: | Conspiracy to falsely accuse Billy Marshall of a crime and to deny him due process in violation of the 5th and 14th Amendments of the United States Constitution. |
| Count 5: | Conspiracy to deny Plaintiff due process and his liberty in violation of the 1st, 5th and 14th Amendments of the United States Constitution. |
| Count 6: | Conspiracy to fabricate evidence against Plaintiff and to deny him due process in violation of the 5th and 14th Amendments of the United States Constitution. |

(Dkt. # 1). Throughout the complaint, Plaintiff alleges that he is actually innocent of the charges currently pending against him. He claims he is falsely imprisoned on fabricated evidence. In his request for relief, Plaintiff asks that "each Defendant herein named and others to be named pay the sum individually in the amount of $10,000,000 Ten (10) million dollars." Id.

Plaintiff's claims fail to state a claim upon which relief may be granted. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1585 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Furthermore, "Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed."

See Smith v. Gonzales, 222 F.3d 1220, 1222 (10th Cir. 2000) (citing Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999)).

The Court finds that a judgment in favor of Plaintiff on any of his claims challenging the constitutionality of his pending charges "necessarily impl[ies] the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. Furthermore, Plaintiff has not shown that the pending charges[1] have been dismissed. As a result, any claim for damages under 42 U.S.C. § 1983 has not yet accrued and Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**2.  First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

---

[1] Petitioner is presently in custody pursuant to criminal charges filed in three (3) Tulsa County District Court cases as follows: Case No. CF-2006-2740, Robbery With a Dangerous Weapon, After Prior Convictions; Case No. CF-2006-2922, First Degree Murder, After Prior Convictions (Count 1), First Degree Robbery, After Prior Convictions (Count 2); and Case No. CF-2006-2930, First Degree Robbery, After Prior Convictions. See www.oscn.net.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.**

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Jail officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the above-cited address each time the amount in the account(s) exceeds $10 until the **$350** filing fee is paid.

3. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5. The Clerk shall send a copy of this Order to jail officials at the David L. Moss Criminal Justice Center.

DATED THIS 30th day of October, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE